**FILED**

MAR 07 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1. Curt Gilgenbach and, Catherine Gilgenbach
2. Ex Rel. the People of Illinois and the United States of America
3. c/o 746 Nolan Ave.
   Glendale Heights, IL [60139]

United States District Court - Northern District
219 South Dearborn Street
Chicago, IL 60604

| | |
|---|---|
| 746 Nolan Avenue, Glendale Heights Illinois | Case No. _____ |
| v. | In rem Claims |
| United States Incorporated, | (Exempt from Fees) |
| State of Illinois, | **1:17-cv-1807** |
| DuPage County, | **Judge Andrea R. Wood** |
| Bloomingdale Township, | **Magistrate Judge Jeffrey Cole** |
| Village of Glendale Heights, | |
| Does 1-100, Roes 1-50 who are errant public servants.. | |

–Jurat–

Illinois State
Du Page County

Subscribed and sworn to (or affirmed) before me, on this __15__ day of __Feb.__ 20__17__, by Curt Gilgenbach.

_____     (Seal)
Notary Public Signature.

"OFFICIAL SEAL"
MARIA L CASACCIO
Notary Public - State of Illinois
My Commission Expires July 20, 2020

## TABLE OF AUTHORITIES

### CASES

1 L.Ed. 440 (1793). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

2 Dall. 419. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Allejandro Barker v. Downey Harvey 209 Jesus Quevas v. Downey Harvey 210, 181 U.S. 481, 21 S.Ct. 690, 45 L.Ed. 963 (1901). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Arthur v. Fry, 300 F. Supp. 622. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 16

Cooper v. O'Conner, 99 F.2d 133. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 17

Juliard v. Greeman, 110 U.S. 421. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 16

Miranda v. Arizona, 384 U.S. 426. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 16

Norton v. Shelby County, 118 U.S. 425. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 17

Perez v. Brownell, 356 U.S. 44. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 17

Sherar v. Cullen, 481 F. 2d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 17

Simmons v. United States, 390 U.S. 377. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 17

Summa Corporation v. California State Lands Commission, 466 U.S. 198, 104 S.Ct. 1751, 80 L.Ed.2d 237 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Treaty of Paris, and Chisholm, Ex'r. v. Georgia, 2 U.S. 419. . . . . . . . . . . . . . . . . . . . . 1, 3

U.S. v. Causby, 328 U.S. 256. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 17

### STATUTES

§ 1916/ 62 Stat. 955. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

8 S. Ct. 568, 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

8 S. Ct. 568, 266 S. Ct. 1062 (1946). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 16

28 U.S.C. 1492. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11

28 U.S.C. 2071(a), (c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11

2d 1206 66 S. Ct. 1062 (1946). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

62 Stat. 955 § 1916. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

S. Ct. 1603. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

4.3 This section of land being was held by the United States prior to the United States granting it to Mr. William Fleeto, his heirs, successors, and assigns, forever, and patented by the United States in 1845, document no. 18364.

4.4 In this Year (1845), the land was converted from Federal land ownership to private land ownership in 1845.

4.5 The period commencing in the Year 1845 through 1968, there was no assessment or collection of property taxes, and none were due.

4.6 In the Year 1968 the Bloomingdale Township, DuPage County and State of Illinois, commenced taxation on private property that has never been used commercially, the sum of $400.00 yearly.

4.7 This purported yearly tax is now at an all time high, this year approximately 2016 the sum allegedly due is $6,370.58.

4.8 The amount paid in error, from 1968 to 2016 has been $139,811.73, including interest, late fees; if unpaid, the State/County/Township has menaced Gilgenbachs,' and threatens to take the property for their own use, under Village Codes 3-2a-1, 3-2a-3, 3-2h-2, 3-2h-4, without compensating us, violating the federal and state constitutions, under the "takings clause."

## V. Allegations regarding the defendant's pretences, and charges in evidence of them.

5.1 The land was owned by the United States prior to Illinois becoming admitted into the Union. Under the language of the land patent, there is no reservations for Illinois, DuPage County or Bloomingdale Township to zone, tax, regulate or enforce any ordinance, law, upon the land, and such was prohibited, due to the failure of said parties to make or reserve any claims thereto.

5.2 Since 1968 the above for mentioned address has been assigned a pin number for the purposes of taxation by the State, County or Township; and without permission to re-classify private property

erroneously as "residential."

5.3 There are several classes of income producing properties[2]: 1) Commercial- business property, including office space, shopping centers, stores, theaters, hotels, and parking facilities; 2) Industrial: warehouses, factories, land in industrial districts, and power plants; 3) Agricultural: farms, timberland, ranches, and orchards, or special purpose: churches, schools, cemeteries, and government held lands; 4) Residential rental property: whether in urban, suburban, or rural areas and then there is 5) **private property, whether it be single family, condominium, town homes, quad homes.**

5.4 Bloomingdale Township has been misrepresenting the use of the land, when it zoned it and classifying it as "Residential", a sub class of commercial.

5.5 Claimants land has been held privately, and no commercial activity is conducted on said property.

5.6 On May 6, 2016, I went to the Du Page County Court House, the 18th Judicial Circuit Court, located at: 505 N. County Farm Road, Wheaton, IL 60187, Telephone No. (630) 407-8700, and spoke to Kim, asking him how much it would cost to file a case for the sum over $100,000.00. Kim said the filing fee would be $292.00. He said he never heard of a constitutional free filing[3]. He did inform me that "You can file a indigent case for free filing, provided the court accepts your application. I asked for a supervisor, but none were on duty. He did mention that If am serving locally, a sheriff can be hired for extra fee; and, if I need service out of state I would need to find sheriff in that area for extra fee. I them asked to speak to a supervisor, he refused to

---

[2] California Real Estate Practice, by Kathryn Haupt and Megan Dorsey, Rockwell Publishing 2005, p. 432; See also Modern Real Estate Practice in Illinois, by Filmore W. Galaty, Wellington J. Allaway, Robert C. Kyle, Dearborn Financial Publishing Inc. 2001, p. 6.

[3] Illinois Constitution, Article I, section 12- Right to remedy and justice. Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. **He shall obtain justice by law, <u>freely</u>, completely, and promptly.**

-4-

provide one. I also asked to speak to the clerk and a judicial officer, which he also refused.

5.7 I then went to the federal District Court, 219 S. Dearborn St., Chicago, IL 60604, Telephone No. (312) 435-5691. While there, I Spoke to Dave about, (2) filing a case for an amount over $100,000.00. Dave said it will cost me $400.00 to file. I reminded Dave that the Illinois Constitution, Article I, section 12, under "Right to Remedy and Justice", it says that "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." He said: "I Never heard of a constitutional free filing. If you want to file an action, you must pay $400.00. If you don't we will not file your complaint." He went on to say: "You can file a pauper form for free filing. If serving local or out of state, you need to hire your own service." I then asked to speak to a supervisor: he refused to provide one. I also asked to speak to the clerk and a judicial officer: he also refused these as well.

### VI. Village of Glendale Heights – Village Code

**6.1  3-2a-1: Taxes Imposed; Rates:**

A tax is hereby imposed upon all persons engaged in the business of selling tangible personal property, other than an item of tangible personal property titled or registered with an agency of this state's government, at retail in the village at the rate of one percent (1%) of the gross receipts from such sales made in the course of such business; and a tax is hereby imposed upon all persons engaged in the village in the business of making sales of service at the rate of one percent (1%) of the selling price of all tangible personal property transferred by such servicemen either in the form of tangible personal property or in the form of real estate as an incident to a sale of service. (Ord. 2009-39, 4-16-2009)

**6.2  3-2a-3: Collection and Enforcement by State:**

The taxes hereby imposed and all civil penalties that may be assessed as an incident of the taxes shall be collected and enforced by the Illinois state department of revenue. (Ord. 2009-39, 4-16-2009)

**6.3  3-2h-1: Definitions:**

PERSON: Any natural person, receiver, administrator, executor, conservator, assignee, trust in perpetuity, trust, estate, firm, copartnership, joint venture, club, company, joint stock company,

business trust, municipal corporation, political subdivision of the state of Illinois, domestic or foreign corporation, association, syndicate, society or any group of individuals acting as a unit, whether mutual, cooperative, fraternal, nonprofit, or otherwise, and the United States or any instrumentality thereof. Whenever the term "person" is used in any clause prescribing and imposing a penalty, the term, as applied to associations, shall mean the owners or part owners thereof, and as applied to corporations, the officers thereof.

VALUE: The amount of the full actual consideration for any transfer covered hereunder, including the amount of any mortgage, lien or liens assumed by the grantee or purchasers.

**6.4  3-2h-2: Tax Imposed; Amount:**

A tax is hereby imposed on the privilege of transferring title to or assigning the beneficial interest in a land trust of real estate located in the village as evidenced by the recordation of a deed or trust document by any person or by the delivery of any deed agreement or assignment of interest of said real property, whether the same: a) vests the person with the beneficial interest in or legal title to said property; b) vests in the person, possession or use thereof for any purpose; or c) secures future payment of money or the future transfer of any such property. The tax imposed shall be the greater of twenty five dollars ($25.00) or three dollars ($3.00) for every one thousand dollars ($1,000.00) of value or fraction thereof as stated in the declaration required under section 3-2H-6 of this article. (1978 Code §1-15-2)

U. A transfer from a grantor or seller who meets all of the following requirements:

1. Sixty two (62) years of age or older; and

2. Owned and occupied the dwelling on the property as a primary residence for three hundred sixty six (366) consecutive days prior to its sale or transfer; and

3. Did not rent or lease any portion of the dwelling or real property to any person or persons; and

4. If multiple owners, at least one co-owner is sixty two (62) years of age and no co-owner is less than sixty (60) years of age at the time of sale. In the event a co-owner sixty two (62) years of age passes away prior to the sale of the qualifying dwelling, a surviving co-owner who is at least sixty (60) years of age at the time the qualifying co-owner passes away will be entitled to the exemption. (Ord. 2014-12, 3-20-2014)

**6.5  3-2h-4: Liability for Tax; Tax Is Additional:**

The primary liability for payment of said tax shall be borne by the grantor or seller involved in any such transaction; provided, however, it shall be unlawful for the grantee or purchaser to accept a conveyance if the transfer tax has not been paid. If the tax has not been paid and the requisite stamps have not been affixed to the deed, then the grantee's title shall be subject to the lien provided in section 3-2H-10 of this article, and the grantee or purchaser shall be liable for payment of the tax. The tax herein levied shall be in addition to any and all other taxes imposed, levied or collected. (1978 Code § 1-15-3)

**6.6  3-2h-6: Declaration of Transfer:**

At the time the tax is paid, there shall be presented to the village administrative services manager, or the administrative services manager's designee, the following:

A. A declaration on a form prescribed by the administrative services manager signed by at least one of the sellers or grantors and also signed by at least one of the purchasers or grantees involved in the transaction, or by their attorneys or agents, which declaration shall state the value of the property so transferred. Where the declaration is signed by an attorney or agent on behalf of sellers or buyers who have the power of direction to deal with the title to the real estate under a land trust agreement, the trustees being the mere repository of record legal title with a duty of conveying the real estate only when and if directed in writing by the beneficiary or beneficiaries having the power of direction, said attorney or agent need only identify the land trust which is the repository of record legal title and not the beneficiary or beneficiaries having the power of direction under the land trust agreement.

B. A copy of the signed deed, assignment or other instrument of conveyance or transfer involved in the transaction which is subject to the transfer tax herein imposed and which reflects the date of the transaction which it evidences, the names of the grantor and grantee, and a legal description of the property to which it relates.

C. A signed copy of the real estate transfer declaration filed pursuant to section 25 of the real estate transfer act of the state of Illinois. (Ord. 2007-95, 10-4-2007)

**6.7  3-2h-11: Enforcement; Suit for Collection:**

Whenever any person shall fail to pay the tax imposed herein, or any purchaser or grantee shall accept a conveyance or transfer where the tax has not been paid, the village attorney shall, upon request of the village administrator, bring, or cause to be brought, an action to enforce the payment

of said tax, including interest and penalties as herein provided, on behalf of the village in any court of competent jurisdiction. (1978 Code § 1-15-11)

**6.8  3-2h-12: Interest, Penalties and Fines:**

A. In the event of failure by any person to pay to the village the tax required hereunder when the same shall be due, interest shall accumulate and be due upon said tax at the rate of one percent (1%) per month commencing as of the first day following the day when the tax became due. In addition, a penalty of ten percent (10%) of the tax due shall be assessed and collected against any person who shall fail to pay the tax imposed by this article. (1978 Code §1-15-12)

B. Notwithstanding and in addition to any other provision of this article, any person who violates, disobeys, omits, neglects, refuses to comply with, or resists or opposes the enforcement of any provision of this article, upon conviction thereof in a court of competent jurisdiction, shall be punished by a fine of not more than one thousand dollars ($1,000.00) for each offense.
(1978 Code §1-15-15; amd. 2011 Code).
http://sterlingcodifiers.com/codebook/index.php?book_id=688&chapter_id=71929#s945838

6.9  The Village, charged for transfer (3-2h-6) under the above ordinances, prior to transfer of the property to Gilgenbach's. However, they continued to charge the transfer tax each year subsequent. No taxes are due for property as it is used exclusively private.

6.10  The Village has also wrongfully imposed a yearly tax on the property, under 3-2a-1, though the property is possessed exclusive of the public. If not paid, the Village, County or State will take the property, without compensating for it.

6.11  Additionally, the Village under requires notification under 3-2h-6 upon sale, which violates privacy guaranteed under the constitution.

6.12  Gilgenbachs object to this yearly tax, as the tax is misapplied, and erroneous.

**VII. Clause of jurisdiction in averment
that the acts complained of are contrary to fundamental law, and equity.**

7.1  This actual and constructive notice is to inform the United States Federal Government that Claimants sent to the State of Illinois, the County of Du Page, Bloomingdale township Village of Glendale Heights, Notices (See Annexations), and each are in direct violation of the general laws

(Federal and State Constitutions), International Treaty Law and Federal Statutes at Large.

7.2 Jurisdiction of this claim is under Seamen's Act, 28 U.S. Code § 1916/ 62 Stat. 955[4]. Further, Article I of the Constitution for the United States of America 1789, the First Amendment "to petition the Government for redress of grievances," and is applicable to the State of Illinois, DuPage County and Bloomingdale Township through the 14th Amendment (actual 15th Amendment), because the Congress and President Admitted Illinois into the union of the Several States into the union, so long as Illinois, the elected and appointed public servants obey the constitution and protect the people and their property by adhering and exercising and maintaining/operating the Bill of Rights in said State Constitution properly, and guarantee and maintain a "republican form of Government (Art. IV. Section 4)."

7.3 Further, 28 U.S.C. 2071(a), (c); 2503(b) (generally); 2521(a); FRCP, Rule 1, 28 U.S.C. 1492; Federal Courts Improvement Act of 1982; First Amendment's guarantee of the right "to petition the Government for redress of grievances."

7.4 Further, Illinois Constitution, Article I, section 5: Right to Assemble and Petition. The people have the right to assemble in a peaceable manner, to consult for the common good, to make known their opinions to their representatives and to apply for redress of grievances.

7.5 Further, the United States allowed Illinois, under the "Act for Admission into the union of Several States" to join the union on equal footing with the original 13 states so long as Illinois preserved a republican form of government and complied with the Bill of Rights of the Illinois Constitution, and its several Articles. Illinois, since 1968.

7.6 Further, the federal 13th Amendment (actual 14th, displaced by the secreting of the organic 13th

---

[4] In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor.

prohibiting Titles of Nobility) and Illinois state constitution prohibit "involuntary servitude".

7.7   The property tax laws, are an ex post fact law, and are Bills of Attainder.

7.8   Gilgebachs object to the ex post facto law, and the yearly bill of attainder presented by the Village/County/State.

**7.9   Preamble of the Illinois Constitution (December 15, 1970):**

> We, the People of the State of Illinois - grateful to Almighty God for the civil, political and religious liberty which He has permitted us to enjoy and seeking His blessing upon our endeavors - in order to provide for the health, safety and welfare of the people; maintain a representative and orderly government; eliminate poverty and inequality; assure legal, social and economic justice; provide opportunity for the fullest development of the individual; insure domestic tranquility; provide for the common defense; and secure the blessings of freedom and liberty to ourselves and our posterity - do ordain and establish this Constitution for the State of Illinois.

**7.10   Inherent and inalienable rights, Illinois Constitution, Article I, section 1:**

> All men are by nature free and independent and have certain inherent and inalienable rights among which are life, liberty and the pursuit of happiness. To secure these rights and the protection of property, governments are instituted among men, deriving their just powers from the consent of the governed.

<u>We never did and do not now consent to being taxed for non-commercial use of our property. We require restitution/refund, treble damages.</u>

**7.11   Due Process, Illinois Constitution, Article I, section 2:**

> No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws.

**7.12   Right to assemble and petition, Illinois Constitution, Article I, section 5:**

> The people have the right to assemble in a peaceable manner, to consult for the common good, to make known their opinions to their representatives and to apply for redress of grievances.

**7.13   Searches, Seizures, Privacy and Interceptions, Illinois Constitution, Article I, section 6.**

> The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported

by affidavit particularly describing the place to be searched and the persons or things to be seized.

**7.14    Right to remedy and justice, Illinois Constitution, Article I, section 12:**

Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly.

**7.15    Right of eminent domain:**

Private property shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law.

**7.16    Ex post facto laws and impairing contracts, Illinois Constitution, Article I, section 16:**

No ex post facto law, or law impairing the obligation of contracts or making an irrevocable grant of special privileges or immunities, shall be passed.

**7.17    Municipalities and unites of local government, Illinois Constitution, Article VII, section 6(e):**

(e)  A home rule unit shall have only the power that the General Assembly may provide by law (1) to punish by imprisonment for more than six months or (2) to license for revenue or impose taxes upon or measured by income or earnings or upon occupations.

**7.18    Exemptions from property taxation, Illinois Constitution, Article IX:**

The General Assembly by law may exempt from taxation only the property of the State, units of local government and school districts and property used exclusively for agricultural and horticultural societies, and for school, religious, cemetery and charitable purposes. The General Assembly by law may grant homestead exemptions or rent credits.

**7.19    Oath or affirmation of office, Article XIII, section 3:**

Each prospective holder of a State office or other State position created by this Constitution, before taking office, shall take and subscribe to the following oath or affirmation:

"I do solemnly swear (affirm) that I will support the Constitution of the United States, and the Constitution of the State of Illinois, and that I will faithfully discharge the duties of the office of .... to the best of my ability."

**7.20    Sovereign immunity abolished, Illinois Constitution, Article XIII, section 4:**

Except as the General Assembly may provide by law, sovereign immunity in this State is abolished.

**VIII. The Required relief, and that the parties answer the premises (interrogatory part).**

8.1 Curt and Catherine Gilgenbach, as mentioned above, in paragraph 1A, are the current owners or successors/assigns to the United States Land Patent, numbered 18364 (issued in 1845), and as such the private property owners. This being said makes the property tax free or makes the Federal Government responsible for all payments. Claimants are not persons, under the Code.

8.2 Claimants require the Officers, Agencies, County, Township and Village Officers, to fulfill their obligations to "support and defend the Constitution of the United States, and Illinois, and to protect the people, Curt Gilgenbach and Catherine Gilgenbach, and also to protect our property, under Illinois Constitution, Article XIII, section 3, supra.

8.3 Since the Claimants are the Sovereigns identified in the Preamble to the Constitution, and our property is in essence "state property" not subject to taxation, assessments, collection, or enforcement, as identified under Illinois Constitution, Article IX. Claimants require an injunction prohibiting the state, county, from assessment, collection and enforcement of property taxes, as **Illinois Constitution, Article VII, section 6(e)**, provides: "solely for license for revenue or impose taxes upon or measured by income or earnings or upon occupations." The United States is responsible directly, indirectly or vicariously for the violations by Illinois, Du Page County, the Village of Glendale Heights, etc., for wrongful taxation due to the Land Patent's language granting the land, and the fact there were no exceptions to the above parties (Illinois, Du Page County, the Village of Glendale Heights, etc.). There are no exceptions to taxation.

8.4 Each of the respondents have failed, refuse and neglected to honor us, their sovereign masters. Instead, each respondent have chosen to tax the Sovereignty. Servants can not make rules that serve themselves.

8.5 Claimants require the United States answer these claims by Affidavit, under a Sworn statement or Under Penalty of Perjury, and if the United States has a claim against a third party, that said party show their right, title or interest in the property, and any contracts they claim thereunder, or be forever prohibited from assessing, collecting, and prohibited from commencing any lawsuits for the collection, and prohibition of placing any lis pendens, liens, and prohibited from any sale for purported

delinquent property taxes, including, but not limited to:

### IX. The prayer for relief sought forms the eighth part.

9.1 The United States issue a permanent injunction prohibiting the State of Illinois, and DuPage County, and Bloomingdale Township and Village of Glendale Heights from assessing taxes, and collecting taxes on Claimants properties, as the property is subject to Federal Land Patent number 18364 and Federal preemption Acts of Congress, without exceptions to the State, County, Township and Village. See *Summa Corporation v. California State Lands Commission*, 466 U.S. 198, 104 S.Ct. 1751, 80 L.Ed.2d 237 (1984); and, *Allejandro Barker v. Downey Harvey* 209 *Jesus Quevas v. Downey Harvey* 210, 181 U.S. 481, 21 S.Ct. 690, 45 L.Ed. 963 (1901). Under the Constitution, "shelter, food and clothing that cannot be taxed as they are necessities of life."

9.2 The United States issue a permanent injunction prohibiting the State of Illinois, and DuPage County, and Bloomingdale Township and Village of Glendale Heights from requiring zoning, enforcing zoning compliance, requiring Claimants to obtain a building permit for, remodeling, electrical, plumbing, roofing, landscaping, or requiring any type of permit to build on said property of claimants, as the State of Illinois, and DuPage County, and Bloomingdale Township and Village of Glendale Heights made no reservations at the time of Patent proceedings, and no exceptions were written into the patent itself. The property is private, not residential; and, must be reclassified from "residential" to "private."

9.3 The United States issue a permanent injunction prohibiting State of Illinois, and DuPage County, and Bloomingdale Township and Village of Glendale Heights from assessing a tax on the sale or transfer of the property, obtaining a tax stamp that requires preapproval and meeting certain conditions prior to sale or transfer of the property, as the State of Illinois, and DuPage County, and Bloomingdale Township and Village of Glendale Heights made no reservations at the time of Patent proceedings, and no exceptions were written into the patent itself.

9.4 Restitution/Return of all erroneously assessed/taxed/collected money paid by Claimants and their predecessors in interest each year since 1968 to the State, County, Township and Village in their

individual, joint and several capacities, including (8) eight percent interest, per annum, compounded daily.

9.5 The United States issue a permanent injunction prohibiting State of Illinois, and DuPage County, and Bloomingdale Township and Village of Glendale Heights from committing any form of trespass on claimants property, prohibiting harassment of Claimants by the Respondents; And, that State of Illinois, and DuPage County, and Bloomingdale Township and Village of Glendale Heights stay at least 65 feet away from Claimants property, and 50 feet from the persons of the claimants, unless an emergency occurs, or exists an emergency condition and or Claimants request assistance.

9.6 The United States issue a permanent injunction prohibiting the State of Illinois, and DuPage County, and Bloomingdale Township and Village of Glendale Heights from sending any notices, tax bills to Claimants - their heirs-successors-assigns, prohibiting the filing of any tax or other liens on the property, commencing any civil or criminal nuisance lawsuits as to the use of the property; or alternatively, the United States must pay the same forever.

9.7 The assessment and collection of Utility Taxes, e.g., sewer tax, telephone tax, water tax, garbage tax, natural gas tax and electrical tax as said accouterments are not used for commercial purposes and said usage taxes. As the companies are required to pay the tax, not the end user.

9.8 Claimants makes references to the Memorandum of Points and Authorities, and incorporates them wherever appropriate, as though set forth fully.

9.9 That failure to file an Answer (does not mean filing a motion to strike, motion to dismiss, or demurrer) within the time limits on the summons, you each expressly agree and consent to claimants personally signing default judgments against each one of you (as each one of you are public servants), including, but not limited to: the use of your names, likenesses, signatures, to accomplish the required relief, allowing claimants to file individuals, liens against any further trespassers, sign additional judgments, whether judicial, state, county, city, village employee which shall be liable for all future payments. The foregoing upon default, as expressed, are

pledges.

### X. The ninth part is a prayer for process.

10.1 The United States declare if they are acting under the Organic Act of 1871 as a corporation, or acting under the dejure 1789 Constitution ?

### XI. Memorandum of Points and Authorities

10.1 2 Mad. Ch. 166; Blake's Ch. P. 35; 1 Mitf. Pl. 41. The facts contained in the bill, as far as known to the complaint, must, in some cases, be sworn to be true; and such as are not known to him, he must swear he believes to be true; and it must be signed by counsel; 2 Madd. Ch. Pr. 167; Story, Eq. Pl. §26 to 47; and for cases requiring an affidavit, see, 3 Brow. Chan. Cas. 12, 24, 463; Bunb. 35; 2 Brow. 11 1 Fow. Proc. 256 Mitf. Pl: 2 P. Wms. 451; 3 Id. 77; 1 Atk. 450; 3 Id. 17, 132; 3 Atk. 132 Preced. In Ch. 332 Barton's Equity, 48 n. 1, 56 n. 1 2 Brow. Ch. Cas. 281, 319; 4 Id. 480.

10.2 "Sovereign immunity does not apply where (as here) government is a lawbreaker or jurisdiction is the issue." *Arthur v. Fry,* **300 F. Supp. 622 (1960).** Supreme Court Justice Field, "There is no such thing as a power of inherent sovereignty in the government of the United States... In this country, sovereignty resides in the people, and Congress can exercise power which they have not, by their Constitution, entrusted to it. All else is withheld." *Juliard v. Greeman, 110 U.S. 421 (1884).*

10.3 "Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them." *Miranda v. Arizona,* **384 U.S. 426, 491; 86 S. Ct. 1603.**

10.4 "An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby County,* **118 U.S. 425, 442.**

10.5 "...in our country the people are sovereign and the government cannot sever its relationship to them by taking away their citizenship." *Perez v. Brownell,* 356 U.S. 44, 7; 8 S. Ct. 568, 2 L. Ed. 2d 603 (1958).

10.6. "There can be no sanction or penalty imposed upon one because of his exercise of constitutional rights." *Sherar v. Cullen,* 481 F. 2d 946 (1973).

10.7 "The claim and exercise of a Constitution right cannot be converted into a crime"... "a denial of them would be a denial of due process of law." *Simmons v. United States,* 390 U.S. 377 (1968).

10.8 "There is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign." *Cooper v. O'Conner,* 99 F.2d 133.

10.9 "When government actions result in a financial loss, it is taking of property which demands compensation" *U.S. v. Causby,* 328 U.S. 256 90 Led 2d 1206 66 S. Ct. 1062 (1946).

## Conclusions

1. The United States Land Patent issued by then President James K. Polk, 18 day of February 1846, which Grant precludes any form of taxation, zoning or regulation, because the County, Village and Township never made any reservations that would allow in the future implementation, collection and enforcement: Therefore, they have no right, title or interest in the land, house, appurtenances, etc.

2. The County, Village and Township are requiring taxes paid on private land, without authority, i.e., they received no grant or authority to do so from the owners, assigns.

3. The government, (i.e. public servants) was instituted for the protection of the people and their property. Government operates by the consent of the people. I recently decided that I do not consent to exactions called property taxes of my land, house, appurtenances, and hereditaments.

4. Each public servant swore or affirmed to support, defend and obey the federal and state constitutions. To this date, no public servant has been honoring their oath or affirmation.

5. I have made claims at all levels, but getting our public servants have failed, refused and

neglected to follow procedures, laws, and precedents, and the common law.

**Additional Relief**

That the Federal Government, State, County, Village and Township reclassify my land, house, hereditaments, from RESIDENTIAL to "private."

That the Federal Government, State, County, Village and Township remove my land, house, hereditaments from the TAX roles permanently.

That an Injunction be placed on the assessment of private land, house, appurtenances, by the Tax Assessor.

That an Injunction be placed on the collection of assessments of our private land, house, appurtenances by the Assessor/Tax Collector.

That the County, Village and Township provide restitution/refund of all taxes collected by them since 1967, including Ten Percent Per Anum Interest since 1967.

Costs.

Attorney fees/like attorney fees.

Labor.

Any supplemental relief not identified herein.

This _15_ day of _FEBRUARY_ A.D., 2017.

_____.
Curt Gilgenbach, and for Catherine Gilgenbach.

Annexations:

  4 Letters Re Unlawful Taxation;
  Mr. Fleeto's Land Patent.

118.

**THE UNITED STATES OF AMERICA,**

CERTIFICATE No. 19.305

To all to whom these Presents shall come, Greeting:

**WHEREAS** Thomas R. Greene, Assignee of Andrew W. Freeto

ha$s$ deposited in the GENERAL LAND OFFICE of the United States, a Certificate of the REGISTER OF THE LAND OFFICE at Chicago, whereby it appears that full payment has been made by the said

Andrew W. Freeto, according to the provisions of the Act of Congress of the 24th of April, 1820, entitled "An Act making further provision for the sale of the Public Lands," for the North half of the South East quarter of Section thirty five, in Township forty, of Range ten, in the District of Lands subject to sale at Chicago Illinois, containing eighty acres;

according to the official plat of the survey of the said Lands, returned to the General Land Office by the SURVEYOR GENERAL, which said tract ha$s$ been purchased by the said Andrew W. Freeto.

**NOW KNOW YE,** That the UNITED STATES OF AMERICA, in consideration of the Premises, and in conformity with the several acts of Congress, in such case made and provided, HAVE GIVEN AND GRANTED, and by these presents DO GIVE AND GRANT, unto the said Thomas R. Greene,

and to his heirs, the said tract above described: **TO HAVE AND TO HOLD** the same, together with all the rights, privileges, immunities, and appurtenances of whatsoever nature, thereunto belonging, unto the said Thomas R. Greene, and to his heirs and assigns, forever.

**In Testimony Whereof, I,** James K. Polk, PRESIDENT OF THE UNITED STATES OF AMERICA, have caused these Letters to be made PATENT, and the SEAL of the GENERAL LAND OFFICE to be hereunto affixed. GIVEN under my hand, at the CITY OF WASHINGTON, the eighteenth day of February, in the Year of our Lord one thousand eight hundred and forty six, and of the INDEPENDENCE OF THE UNITED STATES the Seventieth.

BY THE PRESIDENT: James K. Polk

By J. Knox Walker, Sec'y.

S. H. Laughlin, RECORDER of the General Land Office.

Bureau of Land Management
Eastern States
7450 Boston Boulevard
Springfield, VA 22153

**APR 1 5 2014**
_____
Date

I hereby certify that this reproduction is a true copy of the official record on file in this office.

*[signature]*
_____
Authorized Signature