**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CURT GILGENBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17-cv-01807 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| UNITED STATES INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

      The Court dismisses Plaintiff's Complaint [1] *sua sponte* for lack of subject-matter jurisdiction. Plaintiff's motion for entry of default against DuPage County, IL [9] and Plaintiff's request for entry of default against Bloomingdale Township [18] are denied as moot. Civil case terminated. See accompanying Statement for details.

**STATEMENT**

      Plaintiff Curt Gilgenbach filed this action against Defendants United States Incorporated, State of Illinois, DuPage County, Bloomingdale Township, and Village of Glendale Heights for improperly classifying, taxing, and regulating his property—all of which he contends violates the United States and Illinois Constitutions. As remedies for these alleged violations, Gilgenbach requests that a permanent injunction be issued against Defendants State of Illinois, DuPage County, Bloomingdale Township, and Village of Glendale Heights prohibiting the assessment of taxes and the enforcement of any zoning restrictions on Gilgenbach's property. He also seeks to enjoin any entry by local authorities on the property. And finally, he seeks the return of any taxes paid to Defendants.

      This Court has an independent obligation to confirm that it has subject-matter jurisdiction over any case before it. *Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citations omitted). As the Seventh Circuit has explained, "a suit which is frivolous does not invoke the jurisdiction of the federal courts." *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988). Because Gilgenbach is proceeding *pro se*, he is held to a "less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even construing his Complaint generously, the Court must dismiss this case as frivolous.

      At their core, Gilgenbach's claims are predicated on his contention that he is "sovereign" and his property was obtained pursuant to a "land patent," and thus he and his property are

immune from regulation and taxation. (Compl. at 12, Dkt. No. 1.)[1] This is simply not the law. As the Seventh Circuit has made clear, the argument that an individual is a sovereign citizen of a state who is not subject to the jurisdiction of United States and not subject to federal taxing authority is "shopworn" and "frivolous." *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993). Similarly, Gilgenbach's argument that his "land patent" allows him to avoid taxation and regulation of his property is false. "[A] 'land patent' is simply the equivalent to fee simple ownership." *Van Zelst v. CIR*, 100 F.3d 1259, 1261 (7th Cir. 1996). It is therefore subject to regulation and tax like any other private property. *Gregerson v. State of Wisconsin*, 2016 WL 5794811, at *2 (W.D. Wis. Oct. 4, 2016) (citing *Van Zelst*, 100 F.3d at 1261) (rejecting argument that land-patent property is exempt from taxation as frivolous). Thus, Gilgenbach's claims purportedly arising under the United States Constitution are frivolous and the Court does not have jurisdiction to hear them.

Gilgenbach also gestures at an argument that, according to local statutes and the Illinois Constitution, his property was misclassified for zoning and taxation purposes. (Compl. at 5–12, Dkt. No. 1.) This claim is brought under Illinois state law; it does not sound in the United States Constitution or any other federal law. Thus, in the absence of any federal claim or basis for the exercise of its diversity jurisdiction, the Court will not retain jurisdiction over Gilgenbach's state law claim. *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999). To the extent Gilgenbach desires to pursue his state law claim, he may seek to do so in another, more appropriate forum.

Finally, as the Court is dismissing the case for lack of subject-matter jurisdiction, Gilgenbach's motion and request for entry of defaults against DuPage County and Bloomingdale Township (Dkt. Nos. 9, 18) are denied as moot.

Dated: May 10, 2017　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　Andrea R. Wood
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] In this case, for purposes of the Court's analysis on subject-matter jurisdiction, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff." *Seber v. Unger*, 881 F. Supp. 323, 327 (N.D. Ill. 1995) (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)).